IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:21-cv-00470-SKC

TIMOTHY H. KILCULLEN,

      Plaintiff,

v.

THE HOMESTEAD AT LAKEWOOD,

      Defendant.

---

## RECOMMENDATION & ORDER

---

Plaintiff initiated this case on February 17, 2021. Dkt. 1.[1] However, since that date, Plaintiff has had no further communication with the Court. Dkt. 6. Plaintiff never requested any summonses be issued and no Defendant has ever been served or entered an appearance. Although the Court sent Plaintiff an Order requiring him to file an amended pleading and a Notice advising him of the Court's resources for *pro se* parties, Plaintiff did not file an amended complaint and the Court's mailings were not, at the time, returned as undeliverable. *See* Dkts. 4, 5.

On July 11, 2022, the undersigned judicial officer issued an Order to Show Cause, returnable on or before July 25, 2022, why he should not recommend this case

---

[1] The Court uses "Dkt. ___" to refer to docket entries in CM/ECF.

1

be dismissed for failure to file an amended complaint. Dkt. 6. That Order, however, was returned as undeliverable, Dkt. 7, and Plaintiff has not filed any further change of address notice with the Court as required by D.C.Colo.LCivR 5.1(c).

## DISCUSSION

Although Plaintiff Timothy H. Kilcullen is proceeding without an attorney, he nonetheless bears the responsibility of prosecuting his case with diligence and complying with the Federal Rules of Civil Procedure and Local Rules of Practice. While a Court must liberally construe *pro se* filings, a litigant's *pro se* status does not relieve him of his obligation to comply. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The Federal Rules of Civil Procedure give the district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Rule 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) contemplates a defendant filing a motion to dismiss, this Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with procedural rules or court orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-33 (1962).

Plaintiff has taken no action regarding the Order to Show Cause despite a warning from the Court regarding his failure to participate or file an amended pleading. Consequently, it appears Plaintiff has abandoned his case.

\* \* \*

For the reasons shared above, and pursuant to Fed. R. Civ. P. 41(b), the Court RECOMMENDS this case be dismissed without prejudice for Plaintiff's failure to prosecute this action or comply with Court orders.[2]

IT IS ORDERED this case shall be drawn to a presiding district court judge.

DATED: June 13, 2023.

BY THE COURT:

*S. Kato Crews*
S. Kato Crews
United States Magistrate Judge

---

[2] **Be advised the parties have 14 days after service of this recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations.** *United States v. Raddatz*, **447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within 14 days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court.** *Thomas v. Arn*, **474 U.S. 140, 155 (1985);** *Moore v. United States*, **950 F.2d 656, 659 (10th Cir. 1991).**